UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CRUM & FORSTER SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Civ. No. 2:20-cv-3843 (WJM)<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.

This action concerns a dispute between an excess insurance carrier, Plaintiff Continental Casualty Company ("Plaintiff"), and a primary insurance carrier, Defendant Crum & Forster Specialty Insurance Company ("Defendant"), of a mutual insured, Gilbert Industries, Inc. ("Gilbert").[1] On April 8, 2020, Plaintiff filed a Complaint against Defendant alleging claims for equitable subrogation, equitable contribution, and unjust enrichment and seeking a declaratory judgment that Defendant has the duty to defend Gilbert in a separate, underlying proceeding. *See generally*, Compl., ECF No. 1. Defendant filed an Answer in response, along with affirmative defenses and counterclaims seeking a declaratory judgment that Plaintiff has the on-going duty to defend Gilbert (Count I), and that by failing to do so, Plaintiff has breached its duties owed to Defendant (Count II). This matter is now before the Court on Plaintiff's motion to dismiss Count II of Defendant's counterclaims and to strike certain responses and affirmative defenses from Defendant's Answer. ECF No. 13. For the reasons set forth below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

The following are the factual allegations in support of Defendant's counterclaims, which the Court accepts as true for purposes of resolving the instant motion.

Plaintiff, an Illinois corporation with its principal place of business in Illinois, and Defendant, a Delaware corporation with its principal place of business in New Jersey, both issued insurance policies to Gilbert, a storage tank manufacturer, for the period March 26,

---

[1] Gilbert is not a party to this action.

2015, to March 26, 2016.[2] Counterclaim ¶¶ 1-4, 6, ECF No. 8. Defendant provided the underlying or primary coverage. *Id.* ¶ 5. Its policy contained a $2 million limit per occurrence and a $5 million limit in the aggregate. *Id.* ¶ 3. Plaintiff provided the excess coverage. *Id.* ¶ 5. Its policy contained a $5 million limit per occurrence and in the aggregate. *Id.* ¶ 4.

In December of 2015, a Gilbert-manufactured tank at an industrial plant (the "plant") in Iowa leaked hydrochloric acid, causing significant property damage and revenue loss to the plant. *Id.* ¶¶ 6-14. Defendant agreed to represent Gilbert against claims raised by the plant, investigated the claim, and participated in settlement negotiations. *Id.* ¶¶ 15-23. Plaintiff, however, denied the claim, did not engage in a meaningful investigation of the claim, did not participate in settlement discussions or respond to settlement demands. *Id.* ¶¶ 17-24. When Defendant determined that the plant's claim against Gilbert would exceed the $2 million limit of Defendant's insurance policy, Defendant authorized a payment of $2 million to the plant on Gilbert's behalf "in order to stop the continued accrual of the significant lost revenue claims and other possible future damages and to secure a demand within [Plaintiff's] policy limit." *Id.* ¶¶ 21-26. Despite the payment, the plant would not provide a complete release to Defendant because Plaintiff "refused to contribute any monies towards a global resolution of the claim." *Id.* ¶ 27.

In September of 2016, the plant initiated litigation against Gilbert and other parties in Iowa state court seeking over $11.5 million in damages and lost profits. *Id.* ¶¶ 28-34. In October of 2016, Plaintiff agreed to retain counsel to defend Gilbert, although Defendant continued to defend Gilbert through January of 2017. *Id.* ¶¶ 31-34. Defendant maintains that Plaintiff is not entitled to recoup the defense costs from Defendant, and that Plaintiff's failure to investigate the claim or participate in settlement discussions is the reason Gilbert continues to incur defense costs and expenses. *Id.* ¶ 43.

Based on the foregoing, Defendant brings this declaratory judgment action by way of counterclaim against Plaintiff. Defendant seeks a determination that Plaintiff, as the excess insurer, owes a duty to defend Gilbert against the plant's claims (Count I) and that Plaintiff's conduct constitutes bad faith, a breach of fiduciary duty, and a breach of the obligation of good faith and fair dealing (Count II).

Plaintiff now moves to dismiss Count II of Defendant's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) and moves to strike Defendant's sixth, seventh, nineteenth, and twentieth affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff also moved to strike paragraphs five, twenty, and twenty-one of Defendant's Answer as insufficient, but the parties have since resolved this dispute. *See* Def. Opp'n Br. at 23, ECF No. 14; Pl. Reply at 2 n.2, 7, ECF No. 15. As the matter is fully briefed, ECF Nos. 14-15, the Court decides the motion on the papers without oral argument. Fed. R. Civ. P. 78(b).

---

[2] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court takes all allegations in the complaint as true and views them in the light most favorable to the plaintiff. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

While a complaint need not contain detailed factual allegations, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *Twombly*, 550 U.S. at 555, 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The decision is discretionary. *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011). However, "[a]s a general matter, motions to strike under Rule 12(f) are highly disfavored." *Id.* (citing *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)). A motion to strike an affirmative defense "will only be granted 'when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading.'" *F.D.I.C. v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994) (quoting *Glenside West Corp. v. Exxon Corp.*, 761 F. Supp. 1100, 1115 (D.N.J. 1991)). Yet "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Hope Now*, 2011 WL 883202, at *1 (quoting *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F.Supp.2d 353, 359 (D. Del. 2009)) (quotations omitted). Indeed, motions to strike "will generally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Garlanger*, 223 F. Supp. 2d at 609 (quoting *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)) (quotations omitted).

## III. DISCUSSION

### A. Count II of Defendant's Counterclaims

Count II of Defendant's counterclaims seeks a determination that Plaintiff acted in bad faith or breached its duty of good faith and fair dealing to Defendant when it failed to defend Gilbert or contribute to the plant's settlement demand, thereby preventing a global settlement

of the claims against Gilbert. Plaintiff's motion to dismiss this Count presents the Court with the following question: whether a primary insurer may bring claims against an excess insurer for bad faith, breach of fiduciary duty, or breach of the duty of good faith and fair dealing.

Plaintiff argues such claims are not legally cognizable where the parties do not have a contractual relationship and where neither Iowa law nor Missouri law has recognized that excess insurers owe a duty to primary insurers.[3] Pl. Br. at 5-6, ECF No. 13-1; Pl. Reply at 1-2, ECF No. 15. Defendant raises two arguments in opposition: first, that the Court should deny the motion based on the "unresolved choice of law issue" as to which state law applies, and second, that Defendant nonetheless has standing to raise its counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Def. Opp'n Br. at 7-10, 14-17, ECF No. 14.

The choice of law issue, which the parties have not formally briefed but acknowledge is an open issue to be resolved at a later time, is not necessary to resolve the instant motion. Whether Missouri law or Iowa law applies, the claim must fail. Missouri law does not recognize causes of action in tort by a primary insurer against an excess insurer for bad faith conduct. *See W. Am. Ins. Co. v. RLI Ins. Co.*, No. 07-0566, 2009 WL 2134385, at *2 (W.D. Mo. July 14, 2009). The absence of Iowa caselaw on the issue suggests Iowa law also has not recognized such causes of action.

Instead of identifying any case that demonstrates state law recognizes its bad faith claim, Defendant argues it has standing to bring its claim under federal law pursuant to the Declaratory Judgment Act. Def. Opp'n Br. at 14-17, ECF No. 14. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). But "the availability of declaratory relief presupposes the existence of a judicially remediable right," which the Court has already found does not exist here. *Perrigo Research & Dev. Co. v. United States Food & Drug Admin.*, 290 F. Supp. 3d 51, 63 (D.D.C. 2017) (quoting *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011)) (quotations omitted); *see also Argen v. Kessler*, No. 18-963 (KM)(JBC), 2019 WL 2067639, at *4 (D.N.J. May 10, 2019) ("[T]here is no such thing as a claim for declaratory relief untethered to some underlying cause of action."). Accordingly, the Court must dismiss Count II of Defendant's counterclaims for failure to state a cognizable cause of action.

### B. Defendant's Sixth, Seventh, Nineteenth, and Twentieth Affirmative Defenses

Next, Plaintiff moves to strike Defendant's sixth, seventh, nineteenth, and twentieth affirmative defenses for the sole reason that they, like Count II of Defendant's counterclaims,

---

[3] Plaintiff submits that either Missouri law or Iowa law applies since both parties issued their insurance policies to Gilbert in Missouri, while the underlying loss and related underlying suit are in Iowa. Pl. Br. at 6 n.3, ECF No. 13-1.

4

are legally insufficient. Pl. Br. at 7, ECF No. 13-1. Those affirmative defenses state: Defendant did not act in bad faith with regard to its investigation and handling of the plant's claim against Gilbert (sixth); Defendant did not breach the duty of good faith and fair dealing with regard to the same (seventh); Plaintiff's refusal to honor its contractual obligations as the excess insurance carrier constitutes a breach of fiduciary duty owed to both Defendant and Gilbert (nineteenth); and Plaintiff's refusal to honor its contractual obligations to Defendant and Gilbert constitutes a bad faith denial of coverage (twentieth). Answer at 12, 14, ECF No. 8. Mindful that motions to strike under Rule 12(f) are highly disfavored, and without any analysis by Plaintiff as to how it is prejudiced by the presence of the affirmative defenses, the Court will decline to exercise its discretion to strike the affirmative defenses and will deny this part of Plaintiff's motion.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss Count II of Defendant's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED** and Count II is dismissed with prejudice. Plaintiff's motion to strike certain of Defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f) is **DENIED**, and Plaintiff's motion to strike certain responses from Defendant's Answer is **DENIED** as moot.

An appropriate Order shall follow.

_____
WILLIAM J. MARTINI, U.S.D.J.

**Date: January 27, 2021**

5